

**FIRE**
Foundation for Individual
Rights and Expression

July 20, 2023

<u>**Via E-File**</u>
Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit

RE: ***Villarreal v. City of Laredo*, No. 20-40359**

Dear Mr. Cayce:

On behalf of Appellant Priscilla Villarreal, I write in response to Intervenor The State of Texas's July 18, 2023 Rule 28(j) submission.

Texas asserts the Supreme Court's recent decision in *United States v. Hansen*, 143 S. Ct. 1932 (2023), is "germane to the constitutional arguments presented in Part I of the State's brief." *Hansen* revolved around a facial overbreadth challenge to a federal immigration statute. *Id.* at 1937–39. This case, on the other hand, revolves around whether Defendants are entitled to qualified immunity after violating Ms. Villarreal's First Amendment rights. To that end, *Hansen* is of limited relevance.

More to the point, *Hansen* does not "belie" Villarreal's arguments. If anything, it shines more light on a flaw in Texas's and Defendants' arguments on qualified immunity.

Texas contends that *Hansen*'s reading of a criminal immigration statute in its "specialized, criminal-law sense" supports Texas's narrow view of "solicit" and "receipt" as used in Texas Penal Code § 39.06(c). State of Texas 7-19-23 Letter at 1 (quoting *Hansen*, 143 S. Ct. at 1942). But as Villarreal explained in her response to Texas's *en banc* brief, Texas's narrow view of those terms underscores why no reasonable law enforcement officer would have enforced Section 39.06(c) against Villarreal's routine journalism protected under the First Amendment. Appellant's Response to Brief for Intervenor the State of Texas at 18–19.

Mr. Lyle W. Cayce, Clerk of Court
July 20, 2023
Page 2 of 2

Indeed, the "specialized, criminal-law sense" of "solicit" and "receives" that Texas endorses is just another reason no reasonable officer could have believed probable cause existed to arrest Villarreal, because there was no evidence that Villarreal had the intent or knowledge required to meet either the "solicits" or "receives" element of the statute. *Id.*

Respectfully submitted,

JT Morris
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION

*Counsel for Appellant Priscilla Villarreal*

cc: all counsel of record (by e-file service)