

6000 WESTERN PLACE, SUITE 200
I-30 AT BRYANT IRVIN ROAD
FORT WORTH, TEXAS 76107
EMAIL: TOASE@TOASE.COM

TELEPHONE: (817) 332-2580
TOLL FREE: (800) 318-3400
FACSIMILE: (817) 332-4740
WEBSITE: WWW.TOASE.COM

William M. McKamie
mmckamie@toase.com

December 11, 2024

Mr. Lyle W. Cayce **Via E-Filing**
Clerk, United States Court of Appeals, Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

  Re: Case No. 20-40359; *Villarreal v. City of Laredo*
     USDC No. 5:19-CV-48

TO THE HONORABLE JENNIFER ELROD, CHIEF JUDGE OF SAID COURT:

  The Appellees, Claudio Trevino, Jr., Juan L. Ruiz, Deyanira Villarreal, Does 1-2, Isidro R. Alaniz, Marisela Jacaman, Enedina Martinez, Alfredo Guerrero, and Laura Montemayor, submit their letter brief pursuant to the Court's Directive of December 4, 2024. The Court asks Appellees to articulate how, if at all, the Supreme Court's decision in *Gonzalez v. Trevino*, 602 U.S. 653, 144 S. Ct. 1663 (2024) may affect this case. It does not. Appellees request the Court confirm its prior ruling.

  In *Gonzalez*, the Supreme Court reviewed the narrow *Nieves v. Bartlett*[1] exception to the long-held rule that probable cause defeats a claim for retaliatory arrest. To establish a claim for retaliation, a plaintiff must show that "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002).

  For the third retaliatory arrest factor, courts have generally held that the existence of probable cause defeats a Section 1983 claim for retaliatory arrest. *Nieves*, 587 U.S. at 1722; *Keenan v. Tejeda*, 290 F.3d at 260. *Nieves*, however, recognized a "*narrow exception* to the no-probable cause rule" allowing a retaliatory arrest claim to proceed "where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves*, 587 U.S. at 406 (emphasis added). To fall within this exception, a plaintiff must "present [powerful] objective

---

[1] *Nieves v. Bartlett*, 587 U.S. 391, 139 S. Ct. 1715, 204 L. Ed. 2d 1 (2019).

evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. As Justice Alito explained, this exception applies to "relatively *benign offenses* that [are] '*endemic* but rarely results in arrest'" such as jaywalking. *Gonzalez*, 602 U.S. at 666 (J. Alito, concurring) (emphasis added) (quoting *Nieves*, U.S. at 407).

This Court need not re-examine its *Nieves* analysis in light of *Gonzalez* for two reasons. First, Appellant cannot meet the first two retaliatory arrest factors, rendering the third factor moot. Second, qualified immunity defeats the retaliatory arrest claim.

## A. Villarreal cannot meet the first retaliatory arrest factors, making consideration of the third factor unnecessary.

### 1. Villarreal was not engaged in constitutionally protected activity.

The Court need not consider whether Villarreal provided objective evidence regarding retaliation, because the Court already determined there was no case law that has established her conduct of soliciting non-public information for a personal benefit was protected speech—the first required factor for her claim. *Villarreal v. Laredo*, 94 F.4th 374, 397(5th Cir. 2024). As discussed in Justice Alito's concurring opinion, "the plaintiff must demonstrate that [she] engaged in protected speech and that [her] speech was a 'substantial' or 'motivating' factor in the defendant's decision to take action against [her]." *Gonzalez*, 602 U.S. at 662-63. Villarreal cannot meet this requirement.

Villarreal alleges her conduct of soliciting non-public information for a personal benefit, the same conduct for which she was arrested under a presumptively valid statute, was protected speech. The Court's opinion provided an exhaustive analysis of whether Villarreal's conduct was clearly established constitutionally protected speech as part of its Fourth Amendment qualified immunity analysis (which the Court noted was inextricably tied to her First Amendment claim). *Villarreal*, 94 F.4th at 394-97. The Court explained "it cannot be overemphasized: *Villareal did not plausibly allege that she was arrested for 'merely asking a question.'*" *Id.* at 391(emphasis added). Rather, her "conduct more than arguably matches what is forbidden by the text of [Texas Penal Code] section 39.06(c)," *Id.* at 394, which forbids solicitation of information that has not yet been officially made public with intent to obtain a benefit. Tex. Penal Code § 39.06(c). Thus, Villarreal's conduct, which was forbidden by statute, could not be constitutionally protected conduct.

This Court correctly determined this particular statute "is not 'obviously' unconstitutional.[2] It does not purport to criminalize 'asking questions of public officials.'" *Villarreal v. Laredo*, 94 F.4th at 388. As Chief Judge Richman notes, the panel opinion concluded that "[o]n its face, Texas Penal Code §39.06(c) is not one of those 'obviously unconstitutional' statutes." Without any controlling precedent that this statute violates the Constitution, this Court correctly held the officers were entitled to qualified immunity. *Id.* at 385. And that same analysis applies to the first prong of the retaliatory arrest claim.

The *Nieves* exception only applies in the very narrow circumstances where a plaintiff can provide objective evidence that the plaintiff was arrested for engaging in protected speech when others similarly situated were not. Villarreal cannot meet this requirement. This Court has already determined that Villarreal's conduct was forbidden by the Texas Penal Code, was not clearly established constitutionally protected activity, and therefore cannot be protected conduct. As such, the Court need not consider whether *Gonzalez* applies because its prior analysis determined that Villarreal cannot establish she was engaged in protected activity.

   2. *The Court previously held that Villarreal's pleadings show she was not chilled from engaging in speech.*

Additionally, this Court's prior opinion held Villarreal failed to establish the second prong of retaliatory arrest because the actions of the officers did not chill Villarreal from continuing to engage in speech. *Id.* at 398. Unlike Gonzalez, who removed herself from political activity after her arrest, Villarreal plead that she continued her investigative methods after her arrest and release. (ROA 153, ¶ 3 and n. 2). Accordingly, even if the *Nieves* exception applied and Villarreal were able to provide objective evidence to support her claim, it would still fail because not only

---

[2] Unlike Gonzalez, who's alleged protected activity was engaging in a petition and later arrested for violation of the anti-tampering statute, the conduct for which Villarreal alleges officers retaliated against is the exact conduct that was unlawful. Tex. Penal Code § 39.06(c), (d). The Texas legislature did not provide an exception in section 39.06(c) or (d) to enforceability of that section if defendant produced objective evidence showing that she was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. Neither has the United State Congress provided in section 1983 such an exception. Indeed, the Constitution vests legislative power only in the legislature. Judicial creation of exceptions to statutes in this manner raises separation of powers concerns. Congressional silence, "while permitting an inference that Congress [or state legislatures] intended to apply ordinary background" principles, "cannot show that it intended to apply an unusual modification of those rules." *Meyer v. Holley*, 537 S.W. 289, 286 (2003) cited in *McQuiggin v. Perkins*, 569 U.S. 383 (2013)(Scalia, J. dissenting).

would an ordinary person not be chilled by the officer's conduct, she herself continued her citizen journalist activities. Because Villarreal cannot successfully plead the first two factors of retaliatory arrest, the Court need not consider the *Nieves* exception or whether Villarreal can provide objective evidence under *Gonzalez*.

**B. Qualified immunity bars Villarreal's retaliatory arrest claim.**

In any event, even if Villareal had an actionable First Amendment retaliatory arrest claim, Appellees are still entitled to qualified immunity.

*Nieves* is not a qualified immunity case and it did not change the test for that defense. Government officials are entitled to qualified immunity under § 1983 unless: (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Courts may grant qualified immunity on the ground that a purported right was not "clearly established" without resolving whether the purported right exists in the first instance. *Id*.

Here the proposition that a First Amendment violation occurred is neither evident nor supported by the record. But even assuming a violation, the Appellees are entitled to qualified immunity unless it was clearly established that their enforcement of a state statute shielding certain sensitive information from public disclosure would violate Villareal's First Amendment rights. The prong of qualified immunity focuses on what existing judicial precedent says about the officer's conduct, not on prior exercise or non-exercise of an officer's discretion. *See* Section III. B. of the opinion, which correctly couches the question as whether "the officer had fair notice—in light of the specific context of the case, not as a broad general proposition—that his *particular* conduct was unlawful." *Villarreal*, 94 F.4th at 395 (quoting *Craig v. Martin*, 49 F.4th 404, 417 (5th Cir. 2022) (emphasis in original).

When *Reichle* was decided, the Court had "never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause, *nor was such a right otherwise clearly established at the time of [plaintiff's] arrest*." *Reichle*, 566 U.S. at 664-65 (emphasis added). The narrow exception created in *Nieves* impacts the first prong of a qualified immunity analysis—whether the right exists. But it impacts the second prong of a qualified immunity analysis—whether a right was "clearly established"—arguably only in one small respect. In determining

this prong, the inquiry is whether judicial precedent clearly establishes that a plaintiff has a right to be free from a retaliatory arrest supported by probable cause even when otherwise similarly situated individuals not engaged in the same allegedly protected speech had not been arrested.

The question here is whether existing judicial precedent is clear enough that every reasonable official would know that enforcing a state statute shielding certain sensitive information from public disclosure would violate Villareal's First Amendment rights even if it had never been enforced in the past under similar circumstances. The answer, recognized by this Court, is no.

To be clearly established, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). The precedent must be clear enough that every reasonable official would interpret it to establish the rule plaintiff seeks to apply. *See Reichle*, 566 U.S., at 666. Arresting officers are allowed to assume an enacted statute is constitutional. *See Salsburg v. State of Maryland*, 346 U.S. 545, 553 n. 9 (1954) ("a legislature is presumed to have acted within constitutional limits").

The right at issue cannot be stated as a broad proposition; rather, it must be established in a "particularized" sense so that the "contours" of the right are clear to a reasonable official. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The particularized facts here are that the officials had probable cause to make the arrest, and no judicial precedent had clearly established that enforcing the statute, even for the first time, would violate a person's First Amendment rights. The officials are entitled to qualified immunity for plaintiff's First Amendment retaliation claim.

Respectfully submitted,

/s/ *William M. McKamie*

_____
William M. McKamie, Lead Counsel
Texas Bar No. 13686800
Southern Dist. ID. 13010
mmckamie@toase.com

/s/ *J. Eric Magee*

_____
J. Eric Magee
Texas Bar No. 24007585
**e.magee@allison-bass.com**

| | |
|---|---|
| Alicia K. Kreh<br>Texas Bar No. 24097953<br>Southern Dist. ID 3327420<br>akreh@toase.com<br><br>Taylor Olson Adkins Sralla & Elam LLP<br>6000 Western Place, Suite 200<br>Fort Worth, Texas 76107<br>(817) 332-2580<br>(817) 332-4740 (Fax)<br>**ATTORNEYS FOR RESPONDENTS**<br>**CLAUDIO TREVINO, JR.,**<br>**JUAN L. RUIZ,**<br>**DEYANIRA VILLARREAL, AND DOES 1-2** | Allison, Bass & Magee, LLP<br>1301 Neuces Street<br>Suite 201<br>Austin, Texas 78701<br>(512) 482-0701<br>(512) 480-0902 (Fax)<br>**ATTORNEYS FOR**<br>**RESPONDENTS**<br>**ALANIZ AND JACAMAN** |

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been forwarded to the following counsel of record in accordance with Rule 25(d) of the Federal Rules of Appellate Procedure, on this 11th day of December, 2024:

J.T. Morris, Email: *jtmorris@thefire.org*

Conor T. Fitzpatrick, Email: **conor.fitzpatrick@thefire.org**
Darpana Sheth, Email: **Darpana.sheth@thefire.org**
Lanora Pettit, Email: **Lanora.pettit.@oag.texas.gov**

*/s/ William M. McKamie*
William M. McKamie